IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Stephen Johnson and Catherine Johnson, | ) ) Civil Action No. 2:23-cv-03573-BHH ) |
| Plaintiffs, | ) **Opinion and Order** ) |
| v. | ) ) |
| Werner Co. a/k/a Werner Ladder Co., Lowes Home Centers, LLC | ) ) ) |
| Defendant. | ) |

_____

This matter is before the Court upon the parties' joint motion for entry of a Confidentiality Order ("CO"). (ECF No. 14.) The parties agree that entry of a CO is appropriate, and they also agree on most of the terms to be included in the CO. (*Id.*) They disagree, however, as to one provision: (1) whether the CO should allow Plaintiffs to share such confidential information with similarly situated plaintiffs in other pending civil actions. (*Id.*) Specifically, Defendant Werner Co. a/k/a Werner Ladder Co. ("Werner") objects to the following sharing provision in Paragraph 5(b)(6) of Plaintiffs' proposed CO, which states:

> (6) other attorneys in litigation involving the same ladder which is the subject of this litigation. Each attorney receiving documents designated as Confidential pursuant to this Order will sign an acknowledgement of this Confidentiality Order, agree to be bound by this Order, and submit to the court's jurisdiction in South Carolina.

(ECF 14-1 at 4.) Plaintiffs argue that the CO to be entered in this case should be framed so as to enable other litigants, not involved in this case, to obtain the information without taking further action. They contend that such a provision "appropriately strikes the

appropriate balance of protecting Werner's vested interest, while allowing injured parties efficient and consistent access to critical information." (ECF No. 30 at 3.)

Werner is not seeking to protect any of the documents at issue from disclosure to Plaintiffs. In fact, the parties have advised the Court that Werner has already produced the documents to Plaintiffs pursuant to Werner's proposed version of the CO so as to avoid any delay during the Court's review of the instant dispute. (*Id.* at 4.) Rather, Werner seeks to protect the documents at issue from further dissemination outside this litigation. (ECF No. 28 at 2.) Thus, the parties have asked the Court to intervene with regard to which proposed CO should be entered – the one with a sharing provision or the one without.

Federal Rule of Civil Procedure 26(c)(1) allows the court, for good cause shown, to "issue an order to protect a party . . . from . . . oppression, or undue burden or expense, including one or more of the following: . . . (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[.]" Fed. R. Civ. P. 26(c)(1)(D). More specifically, Federal Rule of Civil Procedure 26(c)(1)(G) provides Courts the power to grant protective orders "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G).

Here, the parties agree that a CO is necessary and jointly moved for entry of same, but merely differ on the inclusion of one provision in the order. ECF No. 7 at 2, ¶ 3. Accordingly, the Court finds good cause exists for entry of a confidentiality order.[1]

---

[1] The Court notes that in its court-ordered briefing on the instant dispute, Plaintiff states in one sentence, accompanied by a footnote, that it "disputes that Werner's materials are 'trade secrets' accorded protection under the law." (ECF No. 30 at 9.) Paragraph 3 of the parties' proposed CO states: "Any party may designate documents as confidential ... [that] contain information protected from disclosure by statute,

2

The Court is mindful that the purpose of limiting the dissemination of proprietary information is to protect the producing party from competitive disadvantage in the marketplace, not to make litigation more burdensome for its adversaries. *See Metro Media Entm't, LLC v. Steinruck*, No. 12-0347, 2013 WL 1833266, at *8 (D. Md. Apr. 30, 2013) (noting that sharing discovery with collateral litigants is appropriate under the Federal Rules, and therefore could not by itself provide a basis for the producing party to object to disclosure). However, Plaintiffs have not identified specific cases against Werner that have already commenced, and which are likely to invoke substantially similar issues as in this matter. *See Gil v. Ford Motor Co.*, No. CIV A 1:06CV122, 2007 WL 2580792, at

---

sensitive personal information, trade secrets, or confidential research, development, or commercial information." (ECF No. 14-1 ¶ 3.) However, "[i]nformation or documents which are available in the public sector may not be designated as confidential." (*Id.*) Similarly, Federal Rule of Civil Procedure 26 permits a court to enter a protective order to, *inter alia*, protect "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). Paragraph 8 of the parties' proposed CO sets forth the procedures for challenging a confidential designation. Although the "burden of proving the necessity of a Confidential designation remains with the party asserting confidentiality," the party challenging the certification must provide the "specific basis for the challenge." (ECF No. 15 ¶ 8.) In reviewing the footnote, it appears the basis for Plaintiffs' challenge is their contention that the Werner-brand extension ladder "can be easily reverse engineered." (ECF No. 30 at 9 n.4.) Plaintiffs cite to a Virginia case and a South Carolina case, wherein the South Carolina Court of Appeals noted that "matters that can be disclosed by reverse engineering may not be protected as trade secrets." *Carolina Chem. Equip. Co. v. Muckenfuss*, 471 S.E.2d 721, 724-25 (Ct. App. 1996.)

In response, Werner notes that neither case cited by Plaintiffs applied a Trade Secrets Act analysis, and it argues that the documents at issue – including, standards of practice for design and manufacture of the ladder, Werner's proprietary design documents and drawings for the ladder, reports of testing performed by Werner on its ladders' designs, safety procedures for the ladder, documents regarding the ladder's component parts and technical data sheets regarding the ladder – clearly qualify as trade secrets under the three-part test from the Trade Secrets Act, S.C. Code Ann. § 39-8-20(5)(a). (ECF No. 28 at 10-11.)

On balance, the Court finds that Werner has demonstrated good cause to uphold the confidential designation of these documents. (*See id.* at 11.) In contrast, it finds Plaintiffs' argument, lacking any evidentiary support or further explanation, falls short of establishing that such documents are not entitled to trade secret protection. Moreover, Werner has already relied upon the protections provided by a CO in making its production to Plaintiffs – who now have access to use them freely in this litigation. *See Rech v. Wal-Mart Stores E., L.P.,* No. 8:19-CV-2514-BHH, 2020 WL 3396723, at *3 (D.S.C. June 19, 2020) (considering how discovery has progressed and noting that "[r]emoving the confidential designation for the Subject Documents, absent any substantial need, could chill further discovery cooperation in this case"). *See also Cook Group, Inc. v. C.R. Bard, Inc.*, 149 F.3d 249, 252 (4th Cir. 1998) ("The Court also recognizes that the parties in the instant action have engaged in (and continue to engage) in extensive discovery efforts, and this exchange of information would not have occurred (and would in all likelihood come to a standstill) but for the 'existence and sanctity' of the Protective Order.").

3

\*6 (N.D.W. Va. Sept. 4, 2007) (rejecting sharing provision in protective order, in part, because "[t]he Court here does not have that advantage in that the litigants for whom Currence seeks the benefit of the discovery are not "collateral litigants," are no[t] in any way linked to this case, and are, in fact, unknown").

Furthermore, Plaintiffs have not shown how they would directly benefit from the inclusion of a sharing provision in the CO, as they would have access to confidential documents regardless of whether they can share them with litigants in related litigation against Werner. *See Steede v. Gen. Motors, LLC*, No. 11-2351, 2012 WL 2089761, at \*4 (W.D. Tenn. June 8, 2012) ("For her part Plaintiff has not shown how entry of a 'non-sharing' protective order results in hardship for her case," as this restriction did not "prejudice[] her ability to obtain discovery in support of her own claims."); *Gil*, 2007 WL 2580792, at \*5 (noting that plaintiff "will not be precluded in any way from receiving discovery due to the non-sharing protective order").

For the foregoing reasons, the Court finds that entry of an upfront sharing provision is not justified in this case. Therefore, the Court declines Plaintiffs' request for an upfront sharing provision in the CO.

The Parties have shown good cause for entry of a CO. In accordance with the findings above, the Court ORDERS the clerk to FILE the proposed CO submitted by the parties, ECF No. 14-1, but **without** Plaintiffs' first proposed revision reflected in ¶ 5(b)(6).

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

May 8, 2024
Charleston, South Carolina